UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANNABEL B., LEVI B., and KIMBERLY F., minors, by next friend Brian Wilson, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ERIC HOLCOMB, in his official capacity as the Governor of Indiana, et al., <br><br> Defendants. | CASE NO. 3:23-CV-00760-DRL-MGG |

**Opinion and Order**

Before the Court is a Motion to Substitute Next Friend filed by the Named Plaintiffs. Through this motion, the Named Plaintiffs, who are minor children in the custody of the Indiana Department of Child Services ("DCS"), move to substitute Meghan Bartells for Alicia Pratt as the next friend of Plaintiff Sophia P. Defendants do not object. [*See* DE 35]. For the following reasons, Plaintiffs' motion is granted.

**I.      Background**

Plaintiffs filed the instant action against DCS; Eric Miller, Director of DCS; and Eric Holcomb, Governor of Indiana; alleging that Defendants' actions, inactions, and practices threaten the safety of children in DCS's care in violation of various Constitutional amendments and federal statutes.[1] [DE 16 at 68-76.]

---

[1] Specifically, Plaintiffs allege that Defendants' actions, inactions, and practices violate the First, Ninth, and Fourteenth Amendments of the United States Constitution, as well as the Adoption Assistance and

Each named Plaintiff is represented by a next friend. Sophia P., one of the Plaintiffs, is a thirteen-year-old girl in foster care. [*Id.* at ¶ 136.] Sophia was removed from the home after being sexually abused by her mother's fiancé. [DE 34 at 3]. Plaintiffs' operative amended complaint lists Ms. Alicia Pratt as Sophia's next friend. At the time the operative complaint was filed, Ms. Pratt was Sophia's public defender in an unrelated matter. [DE 16 at ¶ 137.] But Ms. Pratt has ceased working as a public defender and is no longer able to serve as Sophia's next friend. Ms. Pratt tried, without success, to find another individual close to Sophia to serve as Sophia's next friend. [DE 34 at 2.] With no other individual from Sophia's life able to serve in this capacity, Ms. Meghan Bartells, who presently serves as the next friend for Plaintiff Joshua J., agreed to be a stranger next friend for Sophia. Thus, Plaintiffs now move to substitute Ms. Pratt with Ms. Bartells. [DE 16 at ¶ 85.]

II.    Discussion

Under Fed. R. Civ. P. 17(a)(1), "[a]n action must be prosecuted in the name of the real party in interest." But when a party is a minor or incompetent person without a representative, such as a guardian or conservator, that party "may sue by a next friend . . . ." Fed. R. Civ. P. 17(c)(2). Whether a party may sue by a next friend is a two-step inquiry. First, there must be "an adequate explanation—such as inaccessibility, mental incompetence or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore v. Arkansas*, 495 U.S. 149, 163

---

Child Welfare Act of 1980, the American with Disabilities Act, and the Rehabilitation Act. [DE 16 at 68-76.]

(1990). Second, the next friend "must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* As such, a next friend typically "must [also] have some significant relationship with the real party in interest." *Id.* at 163-64.

It is undisputed Sophia satisfies the first inquiry, as her age, current circumstances, and past trauma sufficiently demonstrate why she cannot appear on her own behalf here. But it is also undisputed that, under the second inquiry, the proposed next friend, Ms. Bartells, is a stranger with no "significant relationship" with Sophia. *Id.* The primary concern with stranger next friends is that a would-be litigant "could circumvent the jurisdictional limits of Art. III simply by assuming the mantle of 'next friend.'" *Whitmore*, 495 U.S. at 164; *see also T.W. by Enk v. Brophy*, 124 F.3d 893, 897 (7th Cir. 1997) ("Without such a rule, and specifically its exclusion of purely ideological 'friends,' we may find [next friends] popping up in children's suits all over the circuit, perhaps all over the country."). Despite this, the Seventh Circuit has provided the following guidance regarding the appropriate circumstances for a stranger to serve as a next friend:

> [I]f a close relative is unavailable and the child has no conflict-free general representative the court may appoint a personal friend of the plaintiff or his family, a professional who has worked with the child, or, in desperate circumstances, a *stranger whom the court finds to be especially suitable to represent the child's interests in the litigation*.

*Brophy*, 124 F.3d at 897 (emphasis added). The court reiterated, however, "that persons having only an ideological stake in the child's case are never eligible." *Id.*

Thus, the Court needs to determine that there are "desperate circumstances" to justify a stranger next friend, that Ms. Bartells is "especially suitable" to represent

Sophia's interests, and that Ms. Bartells does not have "only an ideological stake." *Id.* It is true that Ms. Bartells' stake is, at first glance, "ideological," but the circumstances presented make her stake sufficiently "concrete" here. *Id.* at 896. Plaintiffs report that Ms. Bartells is an Indiana foster and adoptive parent familiar with the allegations presented here, as she serves as the next friend for Plaintiff Joshua J. [DE 34 at 4]. Ms. Bartells accordingly has experience with DCS, the Indiana foster care system, and is familiar with the present case. Thus, Court finds that she is truly dedicated to Sophia's best interests, and Ms. Bartells' relationship with Sophia is not purely ideological even though the two are strangers. [2] *Id.* Moreover, the concern that appointing Ms. Bartells to serve as Sophia's next friend could circumvent Art. III jurisdictional requirements is allayed because she is already representing Joshua J. See *J.A.W. v. Evansville Vanderburgh Sch. Corp.*, No. 3:18-cv-37-WTL-MPB, 2018 WL 2688187, at *2 (S.D. Ind. June 5, 2018).

Regarding the circumstances, another court in this circuit addressing a similar motion observed that the next friend analysis with "foster care children [] bring[s] unique challenges." *Ashley W. v. Holcomb*, No. 3:19-cv-129-RLY-MPB, 2020 WL 4679433, at *3 (S.D. Ind. Mar. 20, 2020). Such challenges have been presented here, as Plaintiffs explain that Sophia's current next friend, Ms. Pratt, sought, to no avail, a replacement in Sophia's life "who was willing and able to be her next friend in this lawsuit." [DE 34 at 3-4.] Given the "unique challenges" for the Plaintiffs as children in foster care—and the

---

[2] Hypothetically, should conditions change in the present suit, Ms. Bartells could have a conflict of interest because she would be serving as a next friend for both Sophia and Joshua. Those conditions, however, are not present at this time, and so the Court need not address them.

challenges faced by Sophia specifically—the Court finds that there are desperate circumstances warranting the appointment of Ms. Bartells. *Brophy*, 124 F.3d at 897.

In sum, while Ms. Bartells is a stranger to Sophia, the Court finds that Ms. Bartells' relationship with Sophia is not purely ideological and that Ms. Bartells is "especially suitable to represent [Sophia's] interest in the litigation" under the present circumstances. *Id*. Accordingly, the Plaintiffs' unopposed Motion to Substitute is **GRANTED.** [DE 34.] The Clerk is **DIRECTED** to substitute Meghan Bartells as the next friend for Plaintiff Sophia P.

**SO ORDERED** this 23rd day of May 2024.

S/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
